UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Bonnie Hammond**<br>12029 Clifton Boulevard, Unit 201<br>Lakewood, Ohio 44107<br><br>Plaintiff,<br>v.<br><br>**Sterling Jewelers, Inc.**<br>375 Ghent Road<br>Akron, Ohio 44333<br><br>and<br><br>**JOHN AND JANE DOES 1-10**<br><br>Defendants. | CASE NO.: _____<br><br>**JUDGE**<br><br><br><br>**COMPLAINT**<br><br><br><br>A Trial by the Maximum Number of Jurors is hereby Demanded |

Here comes Plaintiff Bonnie Hammond, (hereinafter "Plaintiff") and sets forth a *Complaint* against Defendant Sterling Jewelers, Inc. (hereinafter "Defendant") and Defendant John and Jane Does 1 – 10 (Collectively "Defendants") as follows:

**JURISDICITON**

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

**PARTIES**

3. Plaintiff, Bonnie Hammond (hereafter "Plaintiff"), is an adult individual whose residence is in Lakewood, Ohio, and is a "person" as defined by 47 U.S.C. § 153(10).

4. The Defendant, Sterling Jewelers, Inc. ("Sterling"), is an Ohio business entity with an address of 375 Ghent Road, Akron, Ohio 44333, and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendants John and Jane Does 1 - 10 are the individual agents for the Sterling, but whose names are unknown. The Complaint will be amended to add their names when they are determined through discovery.

6. Sterling at all times acted by and through one or more of the Agents.

**FACTS**

7. Within the last four years, Sterling contacted Plaintiff in an attempt to collect a debt allegedly owed by Plaintiff.

8. At all times referenced herein, Sterling placed calls to Plaintiff's cellular telephone using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

9. When Plaintiff answered calls from Sterling, she would hear a prerecorded message stating the Sterling was calling about Plaintiff's overdue balance, and instructed Plaintiff to call them back at a number they provided.

10. Other times, when Plaintiff answered the calls, she would hear a few seconds of silence, followed by being connected to a live representative.

11. During one communication taking place in the month of November, 2013, after picking up a call from Sterling, Plaintiff was transferred to a live representative. During their conversation, Plaintiff requested that Sterling cease calling her cellular telephone.

12. Despite Plaintiff's request, Sterling continued to harass Plaintiff with calls to her cellular phone at a rate of over sixty additional calls since Plaintiff's original request, which caused Plaintiff great inconvenience

## COUNT I

### (Violations of the Telephone Consumer Protection Act) (47 U.S.C. § 227, et seq.)

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. At all times mentioned herein and within the last four years, Defendants called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

15. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." Id. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." Id.

16. Defendant's telephone systems have earmarks of a Predictive Dialer. Often times when Plaintiff answered the phone, she was met with a period of silence before Defendants' telephone system would connect her to the next available representative.

17. Often times when Plaintiff answered the phone, she would hear a period of silence and was required to say "hello" several times before Defendants' phone system would connect Plaintiff to the next available representative.

18. Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19. In the event Defendants at one time had consent to contact Plaintiff on her cellular telephone, Plaintiff revoked her consent her with her demand to cease calls to her cellular telephone.

20. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

22. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### (Invasion of Privacy by Intrusion upon Seclusion)

24. Plaintiff incorporates by reference all the above paragraphs of this complaint as if fully restated herein.

25. The *Restatement of Torts, Second*, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs

or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

26. Ohio recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Ohio state law.

27. Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with frequent telephone calls.

28. The telephone calls made by Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second*, § 652(b) requirement for an invasion of privacy.

29. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

30. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

31. Defendants' acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Actual damages from Defendants for the all damages including intentional, reckless, and/or negligent invasions of privacy in an amount to be

      determined at trial for Plaintiff;

3. Punitive damage; and

4. Such other and further relief as this Court may determine to be just and proper.

Dated: February 14, 2014

                                      Respectfully submitted,

                                      By:   /s/ *Sergei Lemberg*

                                    Sergei Lemberg, Esq.
                                    LEMBERG LAW, L.L.C.
                                    A Connecticut Law Firm
                                    1100 Summer Street, 3rd Floor
                                    Stamford, CT 06905
                                    Telephone: (203) 653-2250
                                    Facsimile: (203) 653-3424
                                    Email: slemberg@lemberglaw.com
                                    Attorneys for Plaintiff:
                                    Bonnie Hammond

## **JURY DEMAND**

    Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.

                                                /s/ *Sergei Lemberg*
                                               Sergei Lemberg, Esq.